NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RENARD TRUMAN POLK,

    Plaintiff-Appellant,

  v.

RANALDO WALDO; JAMES
DONNELLY,

    Defendants-Appellees,

 and

TARA CARPENTER; et al.,

    Defendants.

No. 20-16250

D.C. No. 3:16-cv-00652-MMD-CLB

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted November 8, 2021**

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

    Former Nevada state prisoner Renard Truman Polk appeals pro se from the

---

    *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging retaliation and deliberate indifference. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Polk failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)); *Albino*, 747 F.3d at 1172 (explaining that once the defendant has carried the burden to prove that there was an available administrative remedy, the burden shifts to the plaintiff to produce evidence showing that administrative remedies were effectively unavailable to him).

The district court did not abuse its discretion in denying Polk's motion to amend his complaint because the motion was untimely, and Polk did not demonstrate good cause. *See DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) (setting forth good cause standard standard for requests for leave to amend under Federal Rule of Procedure 16).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Polk's request for sanctions, set forth in a motion (Docket Entry No. 26) and his amended reply brief, is denied.

**AFFIRMED.**